# United States District Court

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

V.

EVELYN SILVAGNOLI
TANISHA HOPE

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 00 4159 - SNOW

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __June 26, 2000__ in __Broward__ county, in the __Southern__ District of __Florida__ defendant(s) did, (Track Statutory Language of Offense)

knowingly and intentionally import into the United States from a place outside thereof, and did knowingly and intentionally possess with intent to distribute, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance,

in violation of Title __21__ United States Code, Section(s) __952(a) & 841(a)(1)__

I further state that I am a(n) __Special Agent Cari Arn__ and that this complaint is based on the following facts:

Please see attached affidavit.

Continued on the attached and made a part hereof: [x] Yes [ ] No

Signature of Complainant
Cari Arn
Special Agent, Customs

Sworn to before me, and subscribed in my presence,

__June 27, 2000__ at __Ft. Lauderdale, FL__
Date                                         City and State

Lurana S. Snow

Name and Title of Judicial Officer
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

## AFFIDAVIT

I, Cari Arn, being duly sworn, do hereby depose and state the following:

1. I am employed as a Special Agent with the United States Customs Service ("Customs"), United States Department of the Treasury, Ft. Lauderdale, Florida, and have been so employed since 1986. Formerly, I was employed as a Special Agent with the Bureau of Alcohol Tobacco and Firearms for three years. I am currently assigned to the South Broward Drug Enforcement Unit, a multi-agency task force involved in the investigation of narcotics smuggling and money laundering. I have received training and been assigned to conduct investigations of criminal violations of the United States Code as enumerated in Titles 18, 19, 21, 22, 31 and various other federal statutes. The following information is based upon my personal knowledge and that of my fellow agents and Customs Inspectors.

2. On June 26, 2000, U.S. Customs Inspectors in Fort Lauderdale, Florida, conducted an inbound inspection of passengers arriving into the United States at Fort Lauderdale International Airport from Kingston, Jamaica onboard Air Jamaica Flight #87. TANISHA HOPE and EVELYN SILVAGNOLI were traveling together and were referred for a secondary Customs inspection. During routine questioning, both HOPE and SILVAGNOLI were unable to provide specific answers about who had purchased their tickets. HOPE also stated that she had only $1.00 in U.S. currency.

3. Based on inconsistent answers and nervous behavior, a pat down search was authorized for HOPE and SILVAGNOLI to determine if they were carrying contraband on their persons. The patdown search revealed that both individuals were carrying four packets of suspected contraband using the identical concealment method. HOPE and SILVAGNOLI both had a packet concealed within the sole of each shoe they were wearing; both were found to be carrying a cylindrical packet vaginally; and both were wearing a feminine napkin which had a packet secreted inside. One

1

packet from each individual was probed, revealing a white powdery substance which field tested positive for cocaine.

4. The four packets taken from HOPE's person had a combined weight of approximately 840 grams. The four packets taken from SILVAGNOLI's person also had a combined weight of approximately 840 grams.

5. HOPE and SILVAGNOLI were advised of her <u>Miranda</u> warnings and waived same in writing. Both individuals confessed to knowingly smuggling "drugs" into the United States in exchange for money. HOPE and SILVAGNOLI both stated that the amount of money they were to receive was to be based on the amount smuggled.

6. Your affiant submits that based on the facts there exists probable cause to believe that TANISHA HOPE and EVELYN SILVAGNOLI, did knowingly import into the United States, from a place outside thereof, and did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, cocaine, in violation of Title 21, United States Code, Sections 952(a) and 841(a)(1).

FURTHER YOUR AFFIANT SAYETH NAUGHT

CARI ARN, SPECIAL AGENT
UNITED STATES CUSTOMS SERVICE

Sworn to before me this
27th day of June, 2000.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

2