UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6184-CR-FERGUSON

UNITED STATES OF AMERICA,

   Plaintiff,

vs.

EVELYN SILVAGNOLI,

   Defendant.
_____/

## ADDENDUM TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE

The Defendant, EVELYN SILVAGNOLI, through undersigned counsel, files this addendum to her Motion for Downward Departure, and requests that the Court to grant her a downward departure because her conduct constituted aberrant behavior, and in support thereof, Ms. Silvagnoli states:

### Aberrant Behavior

A sentence below the applicable guideline range may be warranted in an extraordinary case if the defendant's criminal conduct constituted aberrant behavior. See USSG § 5K2.20. However the court may not depart below the guideline range on this basis if (1) the offense involved serious bodily injury or death, (2) the defendant discharged a firearm or otherwise used a firearm or other dangerous weapon; (3) the instant offense of conviction is a serious drug trafficking offense; (4) the defendant has more than one criminal history point; and (5) the defendant has a prior felony conviction. Id.

The Sentencing Commission recently amended the Sentencing Guidelines to allow the sentencing court greater flexibility in considering whether a downward departure should be granted because the defendant's conduct constituted aberrant behavior. See USSG App. C, amend. 603.

Prior to this amendment, Eleventh Circuit case law only permitted a downward departure for aberrant behavior if the crime was a single spontaneous and thoughtless act. See United States v. Pickering, 178 F.3d 1168 (11th Cir. 1999); United States v. Withrow, 85 F.3d 527 (11th Cir. 1996). Accordingly, a downward departure was inappropriate if the defendant had time to reflect upon the action he was about to take. See Withrow, 85 F.3d at 531. The amendment now defines "aberrant behavior" more flexibly than prior Eleventh Circuit case law. The Sentencing Commission concluded that the "single thoughtless and spontaneous act" interpretation was overly restrictive. See USSG App. C, amend. 603. Aberrant behavior is now defined as a single criminal occurrence or single criminal transaction that was (A) was committed without significant planning; (B), was of limited duration; and (C) represents a marked deviation by the defendant from an otherwise law-abiding life. See USSG § 5K2.20, comment. (n.1).

"Serious drug trafficking offense" means any controlled substance offense as defined under title 21 United States Code, other than simple possession under 21 U.S.C. § 844, that because the defendant does not meet the criteria under USSG § 5C1.2, results in the imposition of a minimum mandatory sentence. See USSG § 5K2.20, comment. (n.1). In this case, Ms. Silvagnoli meets the criteria set forth in USSG § SC1.2 and is not subject to minimum mandatory sentence. Therefore, her crime does not constitute a serious drug offense within the meaning of USSG § 5K2.20.

Ms. Silvagnoli submits that the criminal act for which she has been convicted constituted aberrant behavior as set forth in USSG § 5K2.20. Accordingly, Mr. Silvagnoli respectfully request that this Court grant her motion for downward departure.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Daryl E. Wilcox
Assistant Federal Public Defender
Florida Bar No. 838845
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 ext. 112
(954) 356-7556 (fax)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed and faxed on this 30th day of November, 2000 to Assistant United States Attorney Bruce Brown, 500 E. Broward Boulevard, 7th Floor, Fort Lauderdale, Florida 33301; Karen J. Howard, United States Probation Office, Room 315, United States Courthouse, 300 N.E 1st Avenue Miami, Florida 33132-2126; and Stuart Adelstein, Esquire, 1435 South Miami Avenue, Miami, Florida 33130.

_____
Daryl E. Wilcox

S:\WILCOX\silvagnoli\OBJ-PSI-Add.wpd

3